UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM JENKINS and LOU ANN THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 4:23-cv-00356-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the Government's motion to dismiss (Dkt. 5). For the reasons discussed below the Court will grant the motion.

# BACKGROUND

This case arises out of Kim Jenkins' and Lou Ann Thomas' employment with the United States Department of Agriculture in Malad, Idaho. *State Court Complaint* at ¶ 10, Dkt. 1-2. Mr. Jenkins and Ms. Semrad were the only employees at the Malad office until, in July 2019, the USDA hired Avis Semrad. *Id.* at ¶ 17. Once she started working at the USDA, Ms. Semrad made several complaints to her supervisor about Ms. Thomas' and Mr. Jenkins' behavior. *Id.* at ¶¶ 18–20.

**MEMORANDUM DECISION AND ORDER - 1**

Ms. Semrad reported that Mr. Jenkins and Ms. Thomas created a hostile work environment. *Id.* at ¶¶ 20, 26; *see also Response* at 4, Dkt. 10. Ms. Semrad's supervisor, Benjamin Young, attempted to resolve these issues directly with Mr. Jenkins and Ms. Thomas. *State Court Complaint* at ¶¶ 22–26. He emailed both Mr. Jenkins and Ms. Thomas asking them to stop their behavior because it "undermin[ed] a new employee's ability to succeed in the workplace," created a hostile work environment, and subjected Ms. Semrad to harassment. *Id.* at ¶¶ 23, 26.

When he was unable to resolve these issues, Mr. Young then reported Ms. Semrad's complaints to Charles Newhouse. *Id.* at ¶¶ 27. Mr. Newhouse organized a meeting between each plaintiff and William Addington, who was tasked with investigating the complaints. *Id.* at ¶¶ 28–29. Following the conclusion of that investigation, Mr. Newhouse prepared written notices of removal and issued them to Mr. Jenkins and Ms. Thomas. *Id.* at ¶¶ 43, 46. The notices of removal repeated the allegedly defamatory statements concerning their behavior. *Id.* at ¶¶ 44, 47. In light of their imminent termination, Mr. Jenkins resigned in December 2021 and Ms. Thomas resigned in January 2022. *Id.* at ¶ 49–52.

Over a year after their resignations, Mr. Jenkins and Ms. Thomas filed their Complaint in state court against Ms. Semrad, Mr. Young, Mr. Newhouse, and Mr.

Addington alleging defamation per se, defamation, tortious interference with contract, infliction of emotional distress, and civil conspiracy. *Id.* The United States Attorney for the District of Idaho certified that the defendants were acting within the scope of their office or employment at the time of the incidents out of which the plaintiff's claims arose. *Notice of Removal*, Dkt. 1. The government then substituted itself as the defendant and removed the case to federal court. *Id.* It now seeks to dismiss all of the claims against it. Mr. Jenkins and Ms. Thomas oppose the motion.

## LEGAL STANDARD

The government seeks dismissal of the Complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Where both jurisdictional and merits grounds are presented in a motion, the Court looks to the jurisdictional issues first. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Under Rule 12(b)(1), a complaint must be dismissed if it fails to adequately allege subject matter jurisdiction. Federal courts are of "limited jurisdiction" and a court is "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The plaintiff bears the burden of

MEMORANDUM DECISION AND ORDER - 3

establishing such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375, 377 (1994).

On a Rule 12(b)(6) motion, the Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "[T]he court accepts the facts alleged in the complaint as true, and dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citations, quotations, and alteration omitted). A complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when it pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.

## ANALYSIS

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction "refers to 'the courts' statutory or constitutional power to adjudicate a case." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010)). Accordingly, "when a federal court. . . lacks subject matter jurisdiction, the court must dismiss

the complaint." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n. 12 (9th Cir. 2012) (quoting *Arbaugh v. Y& H Corp.*, 546 U.S. 500, 514 (2006)). Before the Court may evaluate whether it has subject matter jurisdiction over the plaintiffs' claims, it must first determine whether the United States may be properly substituted as the defendant under the Westfall Act. If the substitution is proper, the Court must then consider whether the plaintiffs' claims comply with the jurisdictional requirements of the Federal Tort Claims Act. *Wilson v. Drake*, 87 F.3d 1073, 1077 (9th Cir. 1996) (stating the FTCA is the exclusive remedy for tort claims against the federal employees acting within the scope of their employment). The Court will turn first to the substitution under the Westfall Act and then to the requirements of the FTCA.

1. **Westfall Act Substitution**

Under the Westfall Act, when a federal employee is sued in their individual capacity, the Attorney General may certify that the "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2); *see also Lutz v. Secretary of Air Force*, 944 F.2d 1477, 1488 (9th Cir. 1991) ("The Attorney General has vested authority in the United States Attorneys to make § 2679(d) certifications." (citing 28 C.F.R. § 15.3)). Where, as here, a United States Attorney certifies an employee's conduct,

"the United States shall be substituted as the party defendant" and the action "shall be deemed an action against the United States." *Id.*

A plaintiff may nonetheless challenge certification, and the plaintiffs have done so here. When challenged, the certification is "prima facie evidence that a federal employee was acting within the scope of her employment at the time of the incident" and the plaintiff has the burden of "disprov[ing] the Attorney General's certification by a preponderance of the evidence." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).[1]

Whether an act is within the scope of employment is determined by "the principles of *respondeat superior* in the state where the alleged tort occurred." *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017) (quoting *Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 876 (9th Cir. 1992)). Under Idaho law, an act is within the scope of employment if it (1) is "the kind the employee is employed to perform, that (2) occurs substantially within the authorized limits of time and space, and (3) is actuated, at least in part, by a purpose to serve the"

---

[1] In certain circumstances, a plaintiff wishing to challenge certification may request an evidentiary hearing or limited discovery. *Saleh v. Bush*, 848 F.3d 880, 892 (9th Cir. 2017). The plaintiffs here have not made such a request and, importantly, "the allegations in the operative complaint, taken as true, . . . do not establish that Defendants acted outside the scope of their employment." *Id.* Without such a showing "a hearing would be futile exercise" and neither a hearing nor limited discovery is required. *Id.*

**MEMORANDUM DECISION AND ORDER - 6**

employer. *Teurlings v. Larson*, 320 P.3d 1224, 1233 (Idaho 2013) (internal quotation marks omitted).

"[A]n employee's tortious conduct may be within the scope of the employment even if it was partly performed to serve the purposes of the employee or a third person" if the "employee's purpose or intent, however misguided in its means, [was] to further the employer's business interests." *Nava v. Rivas-Del Toro*, 264 P.3d 960, 965 (Idaho 2011). If, however, the employee acts from "*purely personal motives. . . in no way connected with the employer's interest*" then the conduct is not within the scope of their employment. *Id* (emphasis in original). The plaintiffs argue that the defendants' conduct was not within the scope of their employment because the defendants acted purely for personal purposes. The Court disagrees.

Neither the Court nor the parties have identified an opinion from an Idaho court addressing the precise question here: Whether reporting and investigating workplace conduct is within the scope of employment. That said, federal courts in other jurisdictions have addressed this question and found that such conduct is within the scope of an employee's employment. For instance, in *Beveridge v. United States*, the plaintiff brought a defamation claim against several co-workers for "spreading lies about him" after his supervisor reported his behavior to human

**MEMORANDUM DECISION AND ORDER - 7**

resources and his colleagues emailed each other about his behavior. No. 15cv2209-LAB(JMA), 2016 WL 7474825, at *1 (S.D. Cal. Dec. 28, 2016). The allegedly defamatory statements were made both in the report and in emails where the defendants complained about the plaintiff because he yelled at one defendant, called one an idiot, and cursed at another. *Id.* The district court concluded that reporting and discussing the plaintiff's conduct was within the scope of employment because the employees' identification of "workplace problems that interfered with their jobs. . . is garden variety conduct that falls within the scope of employment." *Id.*

  The facts of *Beveridge* are quite similar to those presented here. Ms. Semrad made reports to her supervisor about Mr. Jenkins and Ms. Thomas because their conduct interfered with her work. Mr. Young, who received these reports, made allegedly defamatory statements while trying to resolve the tension between Ms. Semrad and the plaintiffs. When he was unable to do so, he brought Ms. Semrad's reports to Mr. Newhouse. Mr. Newhouse, similarly, attempted to speak with the plaintiffs about their behavior and the impact it had on the workplace. Finally, Mr. Addington investigated Ms. Semrad's allegations and made allegedly defamatory statements in the course of that investigation. The defendants' conduct is precisely the "garden variety conduct that falls under the scope of employment." *Beveridge*,

2016 WL 7474825, at *1.

Other federal courts considering similar conduct have come to the same conclusion. *See e.g.*, *Rhine v. Perez*, No. 22-35607525, 2023 WL 5607515, at *1 (9th Cir. Aug. 30, 2023) ("Because [the defendant] made her statements about [the plaintiff] as a FAA employee, because the statements were made to FAA investigators, and because they concerned [the plaintiff's] alleged workplace conduct, [the defendant's] statements were at least in part 'actuated by a purpose to serve the' FAA."). These courts have concluded that "filing internal grievances or reporting disruptive behavior to supervisors falls within the scope of an individual's employment." *Allstate Ins. Co. v. Quick*, 107 F. Supp. 2d 900, 907 (S.D. Ohio 1999); *see also See Coleman v. United States*, 91 F.3d 820, 824 (6th Cir. 1996) (holding reporting sexual harassment was within the scope of employment). What is more, federal courts have held the scope of employment encompasses statements made during investigations into unprofessional conduct, *Brumfield v. Sanders*, 232 F.3d 376, 380–81 (3d Cir. 2000), sexual harassment, *Whitcomb v. United States*, No. 23-cv-0019-L-KSC, 2023 WL 5348347, at *2–3 (S.D. Cal. July 21, 2023), and improper use of official travel, *Klugel v. Small*, 519

**MEMORANDUM DECISION AND ORDER - 9**

F. Supp. 2d 66, 74 (D.D.C. 2007).[2]

Although the plaintiffs suggest the defendants acted only for personal gain, none of the facts alleged in the Complaint, or even in their Response, support this claim. Taking all the allegations in the Complaint and Response as true, the plaintiffs, at most, may be able to show that some of the defendants disliked Mr. Jenkins and Ms. Thomas. That, however, is not enough to render their conduct outside the scope of employment. Indeed, conduct may be within the scope of employment even where "service to the employer" was not "the employee's only or even primary purpose." *Nava*, 264 P.3d at 965. Here, the defendants' conduct was in service to the USDA because they reported, discussed, and investigated allegations of a hostile work environment and harassment. Reports of, and participation in investigations of, disruptive or harmful behavior "contribute[s] to

---

[2] Many of these cases rely on state law that, like Idaho law, is based upon the Restatement (Second) of Agency's definition of "scope of employment." See Restatement (Second) of Agency § 228 (1958); *Richard J. and Ester E. Wooley Trust v. DeBest Plumbing, Inc*, 983 P.2d 834, 838 (Idaho 1999); *Rhine v. Perez*, No. 22-35607525, 2023 WL 5607515, at *1 (9th Cir. Aug. 30, 2023) (quoting Washington cases relying on the Restatement's definition of scope of employment); *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000) ("Pennsylvania has accepted the Restatement (Second) of Agency's definition of conduct 'within the scope of employment.'"); *Trump v. Carrol*, 292 A.3d 220, 229 (D.C. 2023) ("This court's approval of the Restatement (Second) of Agency's formulation of *respondeat superior* liability dates back to *District of Columbia v. Davis*, where we approvingly cited to § 228. . ."); *Osborne v. Lyles*, 587 N.E.2d 825, 829–30 (Ohio, 1992) (discussing *respondeat superior* liability as defined in the Restatement (Second) of Agency).

the effective management of the employer's operation." *Coleman*, 91 F.3d at 824. Employees' statements and cooperation helps "maintain a professional business environment and avoid potential civil liability." *Grantham v. Durant*, 471 F. Supp. 2d 1069, 1075 (D. Nev 2006). Even if the individual defendants acted primarily for personal reasons, they still furthered the interests of the USDA such that their conduct was within the scope of their employment. Accordingly, the United States is properly substituted as the defendant in this case.

### 2. Requirements Under the FTCA

The exclusive remedy for any tort claim against the United States is pursuant to the FTCA. 28 U.S.C. § 2679(b)(1). "The FTCA waives sovereign immunity for claims against the federal government arising from torts committed by federal employees." *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing 28 U.S.C § 1346(b)(1)). The FTCA, however, imposes certain requirements on the plaintiffs before they may file a claim and limits the types of claims they may bring. *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 743 (9th Cir. 1991); 28 U.S.C. § 2680; 28 U.S.C. § 2675(a). These are jurisdictional limitations, meaning if the plaintiffs cannot establish that the requirements are met and their claims fall within the scope of the FTCA, the Court lacks subject matter jurisdiction and must dismiss the case. *Meridian Intern. Logistics*, 939 F.2d at 743.

Here, the plaintiffs seek to invoke such jurisdiction, so it is their burden to show the requirements are met. *See Kokkonen*, 511 U.S. at 378.

"Certain categories of claims are exempt from the [FTCA's] waiver of sovereign immunity," including claims arising out of libel, slander, and interference with contract rights. *Foster*, 522 F.3d at 1074; 28 U.S.C. § 2680(h). "[I]f the governmental conduct underlying a claim falls within an exception outlined in section 2680, the claim is barred, no matter how the tort is characterized." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019). Here, the plaintiffs allege five causes of action—defamation per se, defamation, interference with contract, intentional infliction of emotional distress, and civil conspiracy—all of which are barred by § 2680(h).

The plaintiffs' claims for interference with contract are clearly barred by the terms of the statue. *See Pauly v. United States Department of Agriculture*, 348 F.3d 1143, 1151 (9th Cir. 2003). The same is true of the plaintiffs' defamation per se and defamation claims. *See Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003) (the FTCA "does not permit suits against the United States for defamation."); *see also Roundtree v. United States*, 40 F.3d 1036, 1039 n.2 (9th Cir. 1994) (defamation claim was "barred by the express language of the FTCA.").

That said, even when a cause of action is not itself listed as an exception

under § 2680(h), courts must "look[ ] beyond the labels and evaluate the conduct on which the claim is based." *DaVinci Aircraft, Inc.*, 926 F.3d at 1123. Here, the plaintiffs' infliction of emotional distress and civil conspiracy claims are based upon the allegedly defamatory statements and the resulting interference with contract. The plaintiffs claim the defendants' statements caused them distress that "forced their retirement, cost them literally millions of dollars in pension, health insurance, wages, and other benefits." *State Court Complaint* at ¶ 83, Dkt. 1-2. Similarly, the civil conspiracy claim alleges the defendants "entered into an agreement wherein they conspired to terminate Jenkins' and Thomas' employment through systematic defamation and lies." *Id.* at ¶ 93. The conduct underlying these two claims are based on defamation and interference with contracts, both of which are torts listed in § 2680(h). *See Sabow v. United States*, 93 F.3d 1445, 1456 (9th Cir. 1996). "Put another way, the Government's actions that constitute" claims for defamation and interference with contract "are essential to" the plaintiffs' claims for infliction of emotional distress and civil conspiracy. *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988). As such, these claims may not be brought under the FTCA and the Court does not have subject matter jurisdiction over any claim.

    **B.**    **Leave to Amend**

MEMORANDUM DECISION AND ORDER - 13

Regardless of whether a party makes such a request, "[a] district court should grant leave to amend. . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (internal quotations omitted). Here, the Court finds that amendment would be futile because "the FTCA categorically does not apply to any claim arising" out of defamation or interference with contract, which form the basis of all the plaintiffs' claims. See *Rhine*, 2023 WL 5607515, at * 1 n.2. This conclusion is consistent with the decisions of other courts in this Circuit. *See e.g.*, *Grant v. Carns*, No. 22-cv-02932-SVK, 2022 WL 4775890, at * 6 (N.D. Cal. Sept. 30, 2022) (dismissing complaint without leave to amend where United States was properly substituted); *Kenner v. United States*, 689 Fed. Appx. 558, 559 (9th Cir. 2017) (finding no abuse of discretion when district court dismissed complaint without leave to amend where the plaintiff "did not adequately challenge" certification). As such, the plaintiffs' complaint is dismissed for lack of subject matter jurisdiction without leave to amend.

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (quoting *Black v. Payne*, 591 F.2d 83, 86 (9th Cir. 1979)). That, however, is not the

**MEMORANDUM DECISION AND ORDER - 14**

case for claims under the FTCA because "the bar of sovereign immunity is absolute: no other court has the power to hear the case." *Id.* Accordingly, because the plaintiffs' claims must be brought under the FTCA, the Complaint is dismissed with prejudice.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED** and the Complaint is dismissed WITH PREJUDICE.

DATED: January 10, 2024

B. Lynn Winmill
U.S. District Court Judge